MIKE MURPHY, Judge *101 Appellant Bobby Postoak appeals from the Board of Review's (Board) decision affirming the Appeal Tribunal's denial of benefits to him under Arkansas Code Annotated section 11-10-514(a) (Supp. 2017) on finding he was discharged from last work for misconduct in connection with the work. We reverse and remand for an award of benefits.
Bobby Postoak was a machinist operator at Webb Wheel Products, Inc., where he operated two machines that cut brake drums for commercial trucks. On March 15, 2017, Postoak received a verbal warning for making a quality mistake while running a batch of parts. It was his first warning in about a year. On March 21, 2017, Postoak received a written warning and a three-day suspension for making another, but different, quality mistake. His suspension was supposed to run from March 22 to March 24; however, on the first day of suspension, his general manager called him and informed him that he was being terminated for his job performance. Postoak testified that it was his company's policy to terminate employment after three written warnings in one year, so he was surprised at his termination.
Postoak applied for unemployment-insurance benefits. Webb Wheel neither responded to the application nor appeared at the hearing. Nevertheless, the hearing officer found that Postoak had been discharged for intentional poor job performance, reasoning that repeatedly running bad parts, despite warnings, is sufficient to find misconduct and preclude Postoak from benefits. The Appeal Tribunal adopted the hearing officer's decision. Postoak then appealed to the Board, which in turn adopted the Tribunal's decision. Postoak now appeals to this court. On appeal, Postoak argues that there was not sufficient evidence to support the Board's decision.
A person is disqualified for unemployment benefits if it is found that he was discharged from his employment based on misconduct in connection with the work. Ark. Code Ann. § 11-10-514(a)(1) ; Coker v. Dir. , 99 Ark. App. 455, 262 S.W.3d 175 (2007). Misconduct is defined in unemployment-compensation jurisprudence as (1) disregard of the employer's interests; (2) violation of the employer's rules; (3) disregard of the standards of behavior that the employer has a right to expect of its employees; or (4) disregard of the employee's duties and obligations to the employer. Moody v. Dir. , 2014 Ark. App. 137, at 6, 432 S.W.3d 157, 160. Mere unsatisfactory conduct, ordinary negligence, or good-faith errors in judgment or discretion are not considered misconduct unless they are of such a degree or recurrence as to manifest wrongful intent, evil design, or an intentional disregard of the employer's interests. Id. On appeal, we review the findings of the Board and affirm if they are supported by substantial evidence. Bergman v. Dir. , 2010 Ark. App. 729, at 5, 379 S.W.3d 625, 628. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Id. We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. Id.
We agree with Postoak. Here, the only evidence before us is that Postoak received one written warning roughly a year before his termination, one verbal warning in March, and one written warning in March. Each warning related to "running bad parts," which Postoak characterized as small mistakes. Especially considering that the employer did not appear at the hearing or provide any other evidence as to how Postoak's negligence amounts to misconduct, we hold that on this record, the Board's finding of misconduct is not supported by substantial evidence. Accordingly, we reverse and remand for an award of benefits.
Reversed and remanded.